Francisco Rafael **RODRIGUEZ–FAJARDO**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 00–70074.
I & NS No. A28–717–773.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 16, 2001.

Decided Feb. 27, 2001.

Before HUG, NOONAN and W. FLETCHER, Circuit Judges.

## MEMORANDUM[1]

## FACTS AND PROCEEDINGS

Francisco Rafael Rodriguez–Fajardo (Rodriguez) petitions for review of a decision of the Board of Immigration Appeals (the BIA) denying his applications for political asylum and withholding of deportation. We reverse.

Rodriguez is a citizen of Guatemala. He was drafted into the Guatemalan military and ultimately attained the rank of sergeant. During his military service, Rodriguez voiced his objections to the human rights abuses he witnessed, particularly the military's practice of massacring villages and blaming guerrillas. Lieutenant Herrera was Rodriguez's superior. Upon learning of Rodriguez's criticisms, Herrera devised a plan to kill Rodriguez during combat and blame his death on guerrillas. Herrera confronted Rodriguez and threatened: "I will make you desert, or you will die." A few days after Herrera's death threat, Rodriguez fled Guatemala and crossed Mexico to reach the United States.

Rodriguez entered the United States without inspection on December 15, 1991. He subsequently filed applications with the Immigration and Naturalization Service (INS) for political asylum and withholding of deportation. Rodriguez appeared pro se before an Immigration Judge (IJ) and testified to Herrera's death threat and his plot to kill Rodriguez. At the hearing, Rodriguez called two witnesses who corroborated his account and testified that the Guatemalan military had the ability to carry out Herrera's threat. Rodriguez also introduced a State Department letter documenting the Guatemalan government's capabilities.

The IJ found Rodriguez credible but denied his applications for asylum and withholding of deportation on the ground that he had not been persecuted. The BIA dismissed Rodriguez's appeal, finding that Rodriguez had not demonstrated past persecution or a reasonable fear of future persecution. One BIA member dissented.

## ANALYSIS

*Political Asylum*

■ The Attorney General has discretion to grant asylum to aliens who are unable or unwilling to return to their native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *see also Artiga Turcios v. INS*, 829 F.2d 720, 724 (9th Cir.1987). Proof of a specific threat by one who has the will or ability to carry it out establishes a well-founded fear of persecution. *See Rodriguez–Rivera v. INS*, 848 F.2d 998, 1006 (9th Cir.1988).

■ At his hearing, Rodriguez presented credible evidence that he received a death threat from a military officer who knew of his anti-military views and was capable of killing him. Rodriguez has satisfied the statutory requirements and is eligible for asylum. *See Bolanos–Hernandez v. INS*, 767 F.2d 1277 (9th Cir.1984).

*Withholding of Deportation*

■ An alien who demonstrates a clear probability of persecution on account of political opinion is entitled to withholding of deportation. *See* 8 U.S.C. § 1253(h)(1) (pre–1996). Rodriguez was specifically threatened with death by a government actor on account of his opposition to mili-

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

**650**

tary activities. In such circumstances, deportation must be withheld. *See Vilorio–Lopez v. INS*, 852 F.2d 1137, 1141 (9th Cir.1988); *Bolanos–Hernandez*, 767 F.2d at 1284–86.

## CONCLUSION

The law of this circuit entitles Rodriguez to both asylum and withholding of deportation. The BIA erred in dismissing Rodriguez's appeal. Since we reverse the BIA's order on the above grounds, we need not reach Rodriguez's due process claim. We remand so that the Attorney General may exercise his discretion to grant asylum. *See Vilorio–Lopez*, 852 F.2d at 1142. On remand, the BIA should enter an order granting Rodriguez's request for withholding of deportation.

The case is remanded to the Board for proceedings consistent with this opinion.

The petition is GRANTED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.